```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT


THEODORE J. MAYO, SR.,              :
    Appellant,                      :
                                    :
         v.                         :    File Nos. 1:07-CV-46
                                    :              1:07-CV-47
TRUSTEES OF THE IRON WORKERS        :              1:07-CV-48
DISTRICT COUNCIL OF NEW             :
ENGLAND PENSION, HEALTH AND         :
WELFARE, ANNUITY, VACATION          :
AND EDUCATION FUNDS, et al.,        :
    Appellees.                      :
_____ :
```

MEMORANDUM OF DECISION

In these related appeals, Appellant Theodore J. Mayo, Sr. ("Appellant") attempts to challenge several orders issued by the Bankruptcy Court related to the imposition of sanctions. Appellees have filed a motion to dismiss the appeals. For the following reasons, the above captioned cases are dismissed in their entirety.

To begin, the Court is without jurisdiction to consider Appellant's appeal of the Bankruptcy Court's January 5, 2007 order, (Civil File No. 07-CV-46, Paper 1-1), because Appellant's notice of appeal was filed outside of Fed. R. Bank. P. 8002(a)'s ten-day period. See In re Siemon, 421 F.3d 167, 169 (2d Cir. 2005).

As to Appellant's motion for leave to appeal the Bankruptcy Court's January 19, 2007 order, (Civil File No. 07-CV-47, Paper

1-1), Appellant is unable to show a controlling question of law as to which there is substantial ground for difference of opinion under 28 U.S.C. § 1292(b),[1] primarily because insufficient technology and computer literacy do not constitute excusable neglect under Fed. R. Bank. P. 8002(c)(2).  See In re Saratoga Springs Plastic Surgery, PC, 310 B.R. 493, 498 (N.D.N.Y. 2004).

     Finally, Appellant's third filing is obfuscatory at best. (Civil File No. 07-CV-48, Paper 2).  No doubt due to the filing's inartful construction, the Clerk's office docketed it as a motion to withdraw reference.  The Court will not, however, treat Appellant's filing as such because: (1) a motion for withdrawal of reference is subject to a fee never paid by Appellant, see Local Rule 83.8(b)(1)(A); and (2) nothing in the filing's caption or content refers to a withdrawal of reference.  Instead, the Court considers Appellant's filing to be no more than what he calls it: "Notice of Appeal Notice of Motion for Leave to Appeal Motion for Interlocutory Appeal."  Upon consideration, Appellant's requests therein are denied because, having failed to identify what judgment, order, or decree he is appealing from, Appellant has not complied with the dictates of Fed. R. Bank. P. 8003(a) and is unable to show a controlling question of law as to

---

[1] In evaluating a motion for leave to appeal in the bankruptcy context, the majority of courts apply the analogous standard of 28 U.S.C. § 1292(b).  See In re Worldcom, Inc., 2006 WL 3592954, at *2 (S.D.N.Y. Dec. 7, 2006).

which there is substantial ground for difference of opinion under 28 U.S.C. § 1292(b).

## Conclusion

Appellee's Motion to Dismiss (07-CV-46, Paper 2) is GRANTED. Appellee's Motions to Dismiss (07-CV-47, Paper 4; 07-CV-48, Paper 4) are moot.

Accordingly, it is hereby ORDERED that the above captioned cases be DISMISSED in their entirety.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 29th day of March, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge